UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:08-CV-74

JOHN RICHIE JOHNSON and
KIMBERLY JOHNSON                                                    PLAINTIFFS

V.

HARTFORD FIRE INSURANCE COMPANY                          DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court upon a motion by the Plaintiffs to remand this action to Ohio Circuit Court [DN 6] and upon a motion by the Plaintiffs to find that their motion to remand was timely filed [DN 9]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiffs' motions are **GRANTED**.

## I. FACTS

On December 10, 2007, the Plaintiffs filed suit against the Defendant, Hartford Fire Insurance Company ("Hartford"), in Ohio Circuit Court to recover underinsured motorist ("UIM") benefits. In the Complaint, the Plaintiffs, John and Kimberly Johnson, allege that John Johnson was injured in an automobile collision which was caused by the negligence of another driver. At the time of the collision, the other driver had $50,000 in liability coverage on his vehicle. The Plaintiffs were insured under automobile liability insurance policies issued by the Defendant which provided UIM coverage in the amount of $1,000,000 each. After the accident, the other driver's insurance company agreed to pay the Plaintiffs the policy limit of $50,000, but instead the Defendant elected to pay this amount to the Plaintiffs so that it could reserve its indemnity claim against the other driver.

In this suit, the Plaintiffs seek to recover from the Defendant the damages they allege they

suffered from the accident.  In the Complaint, they allege that Mr. Johnson "sustained severe and permanent bodily injuries necessitating medical bills in the amount of $50,332.04, future medical and pharmaceutical medical bills in an as yet undetermined amount, lost wages, permanent bodily injuries which have caused him to suffer, and will cause him to suffer in the future, great physical pain and mental anguish, permanent injury which will subject him to a greater risk of bodily harm than he would have but for the injuries sustained in the subject accident, and permanent impairment of his ability to earn income in the future." (DN 1, Attach. 1).  The Plaintiffs also allege that Kimberly Johnson suffered emotional distress from her loss of companionship and consortium with her husband as a result of the accident. (Id.)

Hartford  filed a notice of removal to this Court on June 6, 2008. In the notice, Hartford states that the Plaintiffs are both residents and citizens of Kentucky,  that it is a corporation incorporated and existing under the laws of Connecticut, and that the Court has jurisdiction based on diversity of citizenship. Hartford further states that it filed the notice of removal within 30 days after receiving the Plaintiffs' answers to its interrogatories. According to Hartford, it could not determine that the amount in controversy exceeded $75,000 until the interrogatories were received. And, indeed, the Plaintiffs' answer to the interrogatory regarding the amounts claimed revealed that they seek $123,623.64 for past medical expenses, an undetermined amount for future medical expenses, an undetermined amount for lost wages, an undetermined amount for impairment of the power to labor and earn money, and $ 1,750,000.00 for pain and suffering.

Finally, due to a clerical error by the court's clerk, the Plaintiffs received  notice that the Defendant's notice of removal was both entered and filed on June 9, 2008, even though the notice of removal was actually filed on June 6, 2008.  The Plaintiffs filed their motion to remand on July

9, 2008 - more than 30 days after the notice of removal was actually filed.

## II. ANALYSIS

A defendant may remove a civil case over which the United States district courts would have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal under this statute bears the burden of demonstrating that the district court has original jurisdiction. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006).  A federal district court has diversity jurisdiction over any civil action where the matter in controversy exceeds $ 75,000, exclusive of interests and costs, and is between citizens of different states. 28 U.S.C. 1332(a).  In the Sixth Circuit, where the damages sought by a plaintiff are unspecified, a defendant seeking to remove the case on the basis of diversity jurisdiction has the burden of proving, by a preponderance of the evidence, that the plaintiff's claims satisfy the amount in controversy requirement. See Gafford v. General Elec. Co., 997 F.2d 150 (6th Cir. 1993).  Finally, "[a]ll doubts as to the propriety or removal are resolved in favor of remand." Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007).

Here, the Plaintiff argues that remand is proper, not because the amount-in-controversy requirement is not satisfied, but because the Defendant did not timely file its notice of removal and because there is not complete diversity of citizenship between the Plaintiffs and the Defendant.  In addition to rebutting these arguments, the Defendant contends that the Court should deny the Plaintiffs' motion to remand because it was not timely filed. The Court will address each of these arguments in turn.

### A. Timeliness of Notice of Removal

Section 1446(b) of Title 28 is governs the timeliness of removal. It provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy

3

of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ….

     If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ….

28 U.S.C.1446(b).  The Sixth Circuit has held that the "strict time requirement fo removal in civil cases in not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness has not been waived." Seaton v. Jabe, 992 F.2d 79,81 (6th Cir. 1993)(citations omitted).

The Plaintiff argues that the Hartford's notice of removal was not timely filed because the action, as stated by the Complaint, was initially removable and this fact was easily ascertainable by the Defendant. Hartford argues that its notice of removal was timely because the notice was filed within 30 days of the date that the Plaintiffs' answers to its interrogatories explicitly revealed that the amount the Plaintiffs sought to recover exceeded $75,000. According to Hartford, it was on this date that it could first ascertain that the action was removable.

Thus, the question before the Court is whether a fair reading of the Complaint would give Hartford notice that the amount in controversy exceeded $75,000. Both parties here rely upon McCraw v. Lyons.  863 F.Supp. 430 (W. D. Ky. 1994).  In McCraw, the court stated that where a fair reading of the complaint, informed by a defendant's knowledge about the case and the nature of the claims asserted, would enable the defendant to conclude that it was more likely than not that the minimum jurisdictional amount is met, removal must occur within 30 days of the filing of the complaint.  Id.

In McCraw, the plaintiff had filed an action in state court asserting various state tort claims

4

including assault, battery, harassment, and outrageous conduct against the defendant. The plaintiff's complaint did not specify an amount but sought damages to compensate for physical injury, medical expenses, mental suffering, and emotional distress, as well as punitive damages and costs. The court stated that "[r]egardless of the merits of these claims, their nature and the relief demanded should have alerted the Defendant that Plaintiff was seeking an amount in excess of [that] required to attain federal jurisdiction." Id. at 434.  The court then noted:

> The preponderance standard is a moderate burden that balances the defendant's right to remove and the federal interest in limiting diversity jurisdiction. It does not place upon the defendant the daunting burden imposed by the legal certainty test, to research, state, and prove the plaintiff's claim for damages. Rather, the standard requires that Defendant allege facts sufficient to establish that Plaintiff would more likely than not recover more than the jurisdictional amount, assuming the failure of Defendant's affirmative defenses.  In this case, Defendant had adequate proof to petition for removal soon after he received the...Complaint. Defendant could have shown that if Plaintiff were successful in his multi-claim tort action, damages assessed for Plaintiff's medical expenses, mental and emotional suffering, when added to punitive damages, would more likely than not exceed [the amount-in-controversy requirement].

Id. at 434-35. (citations omitted).

Here, the Plaintiffs argue that Hartford's notice of removal was not timely filed because, just as in McCraw, Hartford could have shown, based upon the Complaint and Hartford's knowledge of the case, that if the Plaintiffs were successful in their action, that the amount-in-controversy more likely than not exceeded $ 75,000.  Hartford, however, argues that unlike McCraw, it was not clear here that the Plaintiffs' claims exceeded $ 75,000 at the time the Complaint was filed.  As evidence of such, Hartford points to the lack of specificity in the Complaint and the fact that it had already substituted payment on behalf of the other driver's insurer for $50,000 and that the Plaintiffs had also received $10,000 in no-fault benefits.

The Court finds that Hartford could have shown, within 30 days after suit was filed, that it

5

was more likely than not that the requisite jurisdictional amount was satisfied. The Complaint states that Mr. Johnson "sustained severe and permanent bodily injuries necessitating medical bills in the amount of $50,332.04, future medical and pharmaceutical medical bills in an as yet undetermined amount, lost wage, permanent bodily injuries which have caused him to suffer, and will cause him to suffer in the future, great physical pain and mental anguish, permanent injury which will subject him to a greater risk of bodily harm than he would have but for the injuries sustained in the subject accident, and permanent impairment of his ability to earn income in the future." (DN 1, Attach. 1). In addition to the Complaint, Hartford could also have pointed to the communication that it had received from Plaintiffs' counsel prior to the date of suit. See, e.g., Harmon v. OKI Systems, 115 F.3d 477, 479 (7th Cir. 1997)(holding that a court can properly consider any reliable evidence shedding light on the amount in controversy if that evidence existed at the moment of removal and simply was not yet part of the record on that date).  For example, one letter sent by the Plaintiffs' counsel to Hartford states how Mr. Johnson was  injured in the accident and the medical care he had since required. (DN 6, Attach. 1).  The letter  explains that Mr.  Johnson was required to undergo back surgery to repair the spinal damage caused by the accident and that this surgery was not completely successful.  It also explains that Mr. Johnson's neurosurgeon had advised him to take two months off following his surgery, but that Mr. Johnson could not because of his financial circumstances. (Id.).  Hartford also received an email from Plaintiffs' counsel prior to the suit in which it was disclosed that Mr. Johnson's back injury would probably have an impact on his ability to work in the future. (DN 7, Attach. 1).  This email further stated that Mr. Johnson had been referred to a pain management specialist who had recommended that Mr. Johnson have a $45,000 port installed to help manage his pain. (Id.) Thus, it seems clear that Hartford could have both

ascertained and shown, based on both the Plaintiffs' claims as set forth in the Complaint and Hartford's knowledge of the case at the time the Complaint was filed, that the Plaintiffs' claims more likely than not exceeded $ 75,000.

Further, to the extent that Hartford argues that because another insurance company is liable for the first $ 50,000, that amount is not in controversy, the Court disagrees. Hartford will be liable to the Plaintiffs in the amount by which the other driver's liability for damages exceeds his policy limits.  Thus, the controversy between the parties in this case will involve the determination of Plaintiffs' damages flowing from the accident, not a determination of how much their damages exceed $ 50,000.

Thus, the Court concludes that Hartford could have shown by a preponderance of the evidence that the amount-in-controversy requirement of 28 U.S.C. 1332(a) was met on the date the Plaintiffs' filed suit.  Therefore, the Court holds  that Hartford's notice of removal is untimely. Accordingly, the Court need not consider the Plaintiffs' argument that the Court does not have jurisdiction because the parties are not diverse.

**B. Timeliness of Motion to Remand**

Hartford also argues that the Plaintiffs waived their right to remand because their motion was filed too late. The Plaintiffs have filed a motion asking the Court to issue an order finding that their motion for remand was timely filed. As noted above, the Defendant filed its notice of removal on June 6, 2008; however, due to a clerical error by the court's clerk, the Plaintiffs received notice that the Defendant's notice of removal was both entered and filed on June 9, 2008, and they filed their motion to remand on July 9, 2008.

Section 1447(c) of Title 28 provides that a "motion to remand the case on the basis of any

defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  However, a district court may excuse a late filing under Section 1447 where the late filing was due to a technical error that was not the fault of the attorney and where, to hold otherwise, would work an injustice.  Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd., 422 F.3d 72 (2d Cir. 2005).  Therefore, the Court finds that the motion to remand was timely filed.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to remand is **GRANTED** and the Plaintiffs' motion seeking an order that their motion to remand was timely filed is also **GRANTED**.  **IT IS SO ORDERED**.

cc: Counsel of Record
    Ohio Circuit Court

8